determined, however, that defendant is nevertheless a level three risk based upon the presumptive override for the infliction of serious physical injury (*see People v Brown*, 302 AD2d 919, 920-921 [2003]). Contrary to defendant's contention, "the court's determination of defendant's risk level was properly based on clear and convincing evidence related to the statutory factors" (*id.* at 921). Clear and convincing evidence also supports the court's alternative determination that the recalculated total risk factor score did not adequately take into account defendant's criminal record or lack of success during periods of supervised release, and thus that an upward departure from the presumptive risk level was warranted on that basis as well (*see People v Thomas*, 307 AD2d 759, 760 [2003]; *see generally* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]). We have considered defendant's remaining contentions and conclude that they lack merit. Present—Gorski, J.P., Smith, Centra and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY SHAW-MILLER, Also Known as BEVERLY SHAW, Appellant. [823 NYS2d 750]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered February 17, 2005. The judgment convicted defendant, upon her plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Gorski, J.P., Smith, Centra and Green, JJ.